IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Erin Hawley, | C/A No. 3:23-cv-06270-JDA |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| U.S. Army – Fort Jackson CID, | |
| Defendant. | |

This matter is before the Court on Plaintiff's Complaint and Affidavit to Recover Personal Property, which was filed in Richland County Magistrate's Court and removed to this Court. [Docs. 1; 1-1.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial handling and a Report and Recommendation ("Report"). On December 12, 2023, defendant filed a motion to dismiss. [Doc. 8.] That same day, this Court issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment/dismissal procedure and the possible consequences if she failed to respond adequately. [Doc. 9.] Despite the explanation of the summary judgment/dismissal procedure and the possible consequences for failing to respond, Plaintiff did not respond.

On January 17, 2024, the Court ordered Plaintiff to advise the Court by January 31, 2024, whether she wished to continue with the case. [Doc. 11.] Plaintiff was further advised that if she failed to respond, the undersigned would recommend this case be dismissed for failure to prosecute. [*Id.*] Again, Plaintiff filed no response.

On February 5, 2024, the Magistrate Judge issued a Report recommending that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.  [Doc. 13.]  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if she failed to do so.  [*Id.* at 3.]  She did not file objections to the Report, and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part.  28 U.S.C. § 636(b)(1).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2015) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (citation omitted)).

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the recommendation of the Magistrate Judge.  Accordingly, this action is DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

February 28, 2024
Columbia, South Carolina